# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 7, 2006

129876-7

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                                 SC: 129876-7
                                                 COA: 255722, 255764
                                                 Wayne CC: 04-002083-01
                                                                      04-000546-01

RICKY HAWTHORNE,
        Defendant-Appellant.

_____/

      On order of the Court, the application for leave to appeal the September 27, 2005 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REVERSE in part the Court of Appeals judgment and REMAND this case to the Wayne Circuit Court for resentencing on the convictions for accosting and soliciting a minor for immoral purposes. As conceded by the prosecution in this Court, the sentencing judge departed above the sentencing guidelines for defendant's convictions for accosting a minor for immoral purposes without stating a substantial and compelling reason for that departure. MCL 769.34(3); *People v Babcock*, 469 Mich 247, 258 (2003). On remand, the circuit court is to determine whether a departure is appropriate and, if it determines that a departure is warranted, it must state on the record a substantial and compelling reason for that departure. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

      CORRIGAN, J., concurs and states as follows:

      In deciding this case, I would be inclined to adhere to my dissenting statement in *People v Francisco*, 474 Mich ___; 2006 Mich LEXIS 426 (2006). Because the prosecutor conceded that the sentencing court erred in imposing the sentences for accosting and soliciting a minor for immoral purposes, I join this Court's order remanding for resentencing on the convictions for accosting and soliciting a minor for immoral purposes, even though the unpreserved error was harmless. As correctly stated by the Court of Appeals:

An error in calculating the minimum sentencing guidelines range "affect[s] the fairness, integrity and public reputation of judicial proceedings [when it] send[s] an individual to prison . . . depriving him of his liberty for a period longer than authorized by the law." Here, however, defendant was sentenced to a minimum of fifty years in prison for each of his three CSC I [first-degree criminal sexual conduct] convictions and a minimum of fifteen years in prison for the CSC II [second-degree criminal sexual conduct] conviction; these sentences are to run concurrently with the sentences for accosting a child. Thus, the fairness, integrity or public reputation of the judicial proceedings was not seriously affected by the sentencing error. Rather, the additional 4½ months' imprisonment imposed by the improper minimum sentences for the accosting a child convictions do not affect the length of time defendant will spend in prison. Therefore, resentencing is not required under the plain-error standard. [*People v Hawthorne*, unpublished opinion per curiam of the Court of Appeals, issued September 27, 2005 (Docket No. 255722) (citations omitted).]

WEAVER and YOUNG, JJ., join the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 7, 2006

Clerk

s0404