# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENNETH ANTHONY TAYLOR,

        Defendant-Appellant.

UNPUBLISHED
February 19, 2015

No. 318526
Wayne Circuit Court
LC No. 13-001078-FH

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

BOONSTRA, J. (*concurring*).

I concur in the result. In my view, the existing record of the trial court's findings concerning the scoring of Offense Variable (OV) 12 is not adequate to allow for meaningful appellate review of that scoring decision. However, under the circumstances of this case, I find the inadequacy of the record in that respect to be immaterial, and I thus concur in affirming defendant's sentence.

The majority finds that sufficient evidence was presented to prove, by a preponderance of the evidence, that defendant committed second-degree murder, and therefore that the trial court correctly scored OV 12. Based on its evaluation of the evidence, the majority concludes that the sentencing court "could reasonably conclude that defendant acted with malice." Indeed, it may be the case that the trial court so concluded, in which case I would agree that the scoring of OV 12 was proper notwithstanding defendant's acquittal on the second degree murder charge.

Unfortunately, no transcription of the sentencing hearing exists. Nothing in the existing record reflects that the trial court in fact concluded that defendant acted with malice, or that such a conclusion was the reason the trial court scored OV 12 at five points. The majority assumes that to be the case (and its assumption may be correct), and the parties point to no other possible basis for the scoring. But the assumption otherwise is supported by nothing beyond our own supposition. The Sentencing Information Report reflects only that the recommended scoring of OV 12 at five points was left unchanged at sentencing (although certain other OVs were adjusted upward at sentencing), but we have no record of the sentencing hearing, and therefore have no record regarding the trial court's actual basis for the scoring of OV 12.

In *People v Hardy*, 494 Mich 430, 437-438; 835 NW2d 340 (2013), our Supreme Court recently took the opportunity to clarify the applicable standards of review for a sentencing guidelines scoring issue. Noting that the enactment of the sentencing guidelines "reduc[ed] the

-1-

circumstances under which a judge could exercise discretion during sentencing," the Court held that "[u]nder the sentencing guidelines, the circuit court's *factual determinations* are reviewed for clear error and must be supported by a preponderance of the evidence." *Id*. at 438 (emphasis added). Further, "[w]hether *the facts, as found,* are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. (emphasis added).

Due to the absence of a sentencing transcript, we in my judgment are unable to evaluate the trial court's "factual determinations" or "the facts, as found" by the trial court, and thus we lack a record adequate to enable us at this juncture to apply the applicable standards of review to the trial court's scoring of OV 12.

In some circumstances, this might lead me to conclude that we should remand for a development of a record regarding the scoring of OV 12. However, in the circumstances of this case, I find any error in the scoring of OV 12 to be immaterial to the sentence imposed, and thus harmless. It is true that if OV 12 were found to have been improperly scored, Defendant's total OV score would drop to 70 from 75, and would lower him to OV level V from OV level VI on the sentencing grid for class C felonies. MCL 777.64. As a consequence, defendant's minimum sentencing guidelines range, as a fourth habitual offender, would be reduced to 58 to 228 months from 62 to 228 months. Generally, resentencing is required where a sentencing error would alter defendant's recommended minimum guidelines range. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006); *People v Phelps*, 288 Mich App 123, 136; 791 NW2d 732 (2010). However, in this case, the trial court sentenced defendant at the very top of the minimum sentencing guidelines range, to a term of 228 months to 80 years. It is therefore demonstrably apparent to me from the record that a minimal reduction (to 58 months from 62 months) in defendant's minimum minimum sentence (such as would result from a change in the scoring of OV 12, if error were found) would not have caused the trial court to impose a different sentence than the 228 months to 80 years term that it imposed. Where a trial court indicates that it would have imposed the same sentence regardless of a scoring error, resentencing is not required. *Francisco*, 474 Mich at 89 n 8. In this case, and while a transcript of the trial court's statements at sentencing would provide a clearer indication of the trial court's view, I find that the sentence itself, and its imposition of the maximum minimum sentence (228) months, in the context of a wide (166-month) minimum sentence range (62 to 228 months), are a sufficiently clear indication that the trial court would not have altered defendant's sentence if the minimum sentence range was expanded by an additional four months.

Accordingly, I concur in the result, and fully concur in the majority opinion in all respects not addressed in this opinion.

/s/ Mark T. Boonstra

-2-