# Order

Michigan Supreme Court
Lansing, Michigan

June 15, 2007

130460

RICHARD JAMES,
          Plaintiff,
and

SAFECO INSURANCE CO.,
          Plaintiff-Appellee,
v

STATE FARM FIRE & CASUALTY CO.,
          Defendant/Cross-Defendant-
          Appellant,
and

DAVID GASOWSKI,
          Defendant/Cross-Plaintiff-
          Appellee,
and

MARIO SYLVESTRI and AUTO CLUB
GROUP INSURANCE CO.,
          Defendants.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130460
COA: 262805
St. Clair CC: 03-002466-NZ

On order of the Court, the application for leave to appeal the November 8, 2005 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). The parties shall submit supplemental briefs within 56 days of the date of this order addressing: (1) whether State Farm, by failing to plead release as an affirmative defense in this declaratory relief action, waived its right to oppose plaintiffs' attempt to invoke offensive collateral estoppel as inconsistent with the terms of the parties' Release and Settlement Agreement in the underlying action; (2) whether, for purposes of collateral estoppel, the identity of the jet-ski driver was actually litigated and determined by a final judgment in the underlying action; (3) whether, for purposes of collateral estoppel, State Farm was a party, or in privity with a party, to the underlying action; (4) how should an insurer proceed when it believes its insured is committing fraud to invoke coverage, and does that depend on whether the insurer learns of the conflict of interest during the course of litigation; and (5) if an adverse judgment procured by fraud

of the insured is entered, whether the insurer is estopped from contesting liability.  The parties should not submit mere restatements of their application papers.

Persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 15, 2007

_____
Clerk

s0612