# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 15, 2007

130526

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

QUENTIN JOHNSTON,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130526
COA: 254284
Wayne CC: 03-0011038-02

On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE that part of the Court of Appeals decision analyzing defendant's sentence and we REMAND this case to the Wayne Circuit Court for resentencing. The sentencing court in this case scored defendant's offense variables 1, 2, and 3 identically to the scores given to his co-defendants because each of these variables directs that for "multiple offender cases," if one offender is assessed points under the variable, "all offenders shall be assessed the same number of points." MCL 777.31(2)(b); MCL 777.32(2); MCL 777.33(2)(a). However, defendant was the only offender convicted of larceny from the person and conspiracy to commit larceny from the person. Thus, his was not a "multiple offender case" for either of these crimes. Accordingly, the multiple offender provision does not apply to the scoring of defendant's guidelines in this case. See *People v Morson*, 471 Mich 248, 260 n 13; 685 NW2d 203 (2004). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

WEAVER, J., dissents and states as follows:

I dissent and would not remand this case for resentencing for the reasons stated in Justice Young's dissenting statement, which I join.

YOUNG, J., dissents and states as follows:

I dissent. When this Court granted leave to appeal, we specifically asked the parties to address whether the multiple offender provisions in MCL 777.31(2)(b), 777.32(2), and 777.33(2)(a) apply to the scoring of codefendants for different offenses. Rather than address this issue, the majority simply declares, without analysis or explanation, that defendant's participation in the criminal transaction was not part of a "multiple offender case" because defendant was not convicted of the same crimes as his co-defendants. By requiring identical criminal convictions, the majority erroneously deprives the phrase "multiple offender case" of its plain and ordinary meaning.

Nothing in the plain language of the phrase "multiple offender cases" requires that the multiple offenders be convicted of identical *crimes*. Had the Legislature so intended, then it would have used the phrase "multiple offender crimes" or perhaps "multiple offender offenses." A crime is defined as "an act that the law makes punishable." Black's Law Dictionary (8th ed). The definition of the word "case" is much broader, and in this context is defined as a "criminal proceeding." Black's Law Dictionary, (8th ed) Thus, neither the plain meaning nor any textual indication in the sentencing guidelines supports the majority's belief that the word "case" is synonymous with the word "crime."

In my opinion, the facts presented represent a classic "multiple offender case." By defendant's own admission, he and his two codefendants planned to steal jewelry from a busy shopping center. Defendant, the getaway driver, communicated with his codefendants by cell phone and knew that one codefendant was armed with a hammer. Both codefendants used weapons to effectuate their escape, resulting in serious injuries when one codefendant slashed a bystander with a box cutter. Defendant then transported the knife wielding co-defendant away from the scene of the crime, and both men pawned the stolen merchandise.

All three men were tried and convicted of various crimes at a joint trial. Because defendant did not commit the assault, he was neither charged with nor convicted of an assaultive crime. However, the fact that defendant did not commit the same crimes as his co-defendants does not change the fact that this criminal proceeding involved multiple offenders. Thus, defendant is required to be "assessed the same number of points" for the use of a weapon offense variable (OV) 1, the lethal potential of the weapon used (OV 2), and physical injury to a victim (OV 3).

Moreover, even if the sentencing judge were not *required* to score defendant's offense variables the same as his codefendants, the facts of the case would compel the same scoring. In ascertaining defendant's minimum sentence for larceny from a person, a ten year felony, a sentencing judge must score OV 1, OV 2, and OV 3. The undisputed facts indicate that two victims were assaulted during the larceny—one with a hammer and one with a box cutter. A larceny involving an assault is more serious, and properly demands a higher *minimum* sentence, than a larceny that does not involve an assault.

It should also be noted that the defendant in this case has already served his minimum sentence and has been paroled. Resentencing defendant at this juncture potentially exposes defendant to a higher minimum sentence and return to prison, particularly if the sentencing judge uses the same facts as a "substantial and compelling reason" to depart from the minimum sentencing guidelines range.

CORRIGAN, J., joins the statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 15, 2007

_____
Clerk

p0612