# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 2, 2007

129981

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

NEFTALI VILLEGAS,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 129981
COA: 253447
Wayne CC: 03-011037-01

By order of July 19, 2006, the application for leave to appeal the October 27, 2005 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Johnston* (Docket No. 130526). On order of the Court, the case having been decided on June 15, 2007, 478 Mich 903 (2007), the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

Defendant used a hammer to break a jewelry case at a flea market and stole the jewelry inside. He then swung the hammer at a vendor who tried to stop him, but missed. His codefendant, Ernest Chapman, cut a security guard with a box cutter to get away, and another codefendant, Quentin Johnston, served as the getaway driver. Following a jury trial, defendant was convicted of unarmed robbery, conspiracy to commit unarmed robbery, and felonious assault. Chapman was convicted of unarmed robbery, conspiracy to commit unarmed robbery, and two counts of assault with the intent to commit great bodily harm less than murder. Johnston was convicted of larceny from the person and conspiracy to commit larceny from the person. The Court of Appeals affirmed the convictions and sentences.

Defendant argues that offense variables (OVs) 1 (aggravated use of weapon), 2 (lethal potential of weapon possessed), and 3 (physical injury to victim) were scored on the basis of the assault with intent to commit great bodily harm committed by his

codefendant, Chapman, but not by defendant himself. Chapman was scored 25 points for OV 1 because he cut the security guard with a box cutter, 5 points for OV 2 because he used a box cutter, and 25 points for OV 3 because the injury was life threatening. In multiple offender cases, if one offender is assessed points under OV 1, OV 2, and OV 3, all offenders must be assessed the same number of points. MCL 777.31(2)(b); MCL 777.32(2); MCL 777.33(2)(a).

This case was held in abeyance for the companion case of *People v Johnston,* 478 Mich 903, 904 (2007), in which we held:

> [D]efendant was the only offender convicted of larceny from the person and conspiracy to commit larceny from the person. Thus, his was not a "multiple offender case" for either of these crimes. Accordingly, the multiple offender provision does not apply to the scoring of defendant's guidelines in this case.

In the instant case, although both defendant and Chapman were convicted of unarmed robbery, both were *not* convicted of an assault with intent to commit great bodily harm. That is, Chapman was convicted of using a box cutter to perpetrate an assault with the intent to commit great bodily harm, while defendant was *not* convicted of using a box cutter to perpetrate an assault with the intent to commit great bodily harm. Therefore, this case is not a "multiple offender case." Accordingly, I would remand this case to the trial court for resentencing.

The majority's position is not only incompatible with *Johnston*, it will inevitably lead to an understanding of the sentencing guidelines in which defendants who are not truly similarly situated are required to be sentenced similarly.

KELLY, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 2, 2007

_Corbin R. Davis_
Clerk

p1030