# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN CHRISTOPHER-CHARLE GASTON,
a/k/a JOHN CHRISTOPHER GASTON,

        Defendant-Appellant.

UNPUBLISHED
January 14, 2016

No. 319018
Wayne Circuit Court
LC No. 13-003484-FH

ON REMAND

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted of third-degree criminal sexual conduct, MCL 750.520d(1)(b). He was sentenced as a fourth habitual offender, MCL 769.12, to serve 20 to 30 years' imprisonment. On appeal, we affirmed his conviction but remanded for resentencing because of a guideline scoring error. *People v Gaston*, unpublished opinion per curiam of the Court of Appeals, issued February 26, 2015 (Docket No. 319018). Defendant filed an application for leave to appeal to our Supreme Court, which denied his application as to his conviction. *People v Gaston*, 498 Mich 900; 870 NW2d 909 (2015). However, the Court vacated our opinion as to sentencing and directed us to reconsider the sentencing issues in light of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *Id*.

In his original appeal, defendant challenged the sentencing court's scoring decision for offense variables (OVs) 3 and 8. He also challenged the propriety of the sentencing court's use of judicial factfinding to score the OVs. We concluded that the sentencing court did not err in scoring OV 3.[1] However, we also concluded that the sentencing court's basis for scoring OV 8 at 15 points was not supported by a preponderance of the evidence because it was undisputed

---

[1] Based on *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013), overruled 498 Mich at 399 (2015), we rejected defendant's objection to the guidelines scoring insofar as it related to judicial factfinding. *Gaston*, unpub op at 4.

that complainant had entered the bathroom where the crime was committed on her own volition and that defendant had followed rather than led her there. In addition, there was no evidence to support the sentencing court's finding that defendant had locked the door after he entered the bathroom. *Gaston*, unpub op at 4; see also *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (holding that a scoring decision must be supported by a preponderance of the evidence). Because the 15-point reduction in the scoring results in a different sentencing guidelines range, we remanded for resentencing in accordance with *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). *Gaston*, unpub op at 4.

In *Lockridge*, our Supreme Court held that "the rule from *Apprendi v New Jersey*, 530 US 466; 120 S Ct 2348; 147 L Ed 2d 435 (2000), as extended by *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient" because of "the extent to which the guidelines *require* judicial fact-finding beyond the facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" *Lockridge*, 498 Mich at 364 (emphasis in original). The Court thus found it necessary to "sever MCL 769.34(2) to the extent that it makes the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory." *Id.* Accordingly, the Court held that, although the guidelines would remain in effect, "a guidelines minimum sentence range calculated in violation of *Apprendi* and *Alleyne* is advisory only," and sentencing courts departing from guidelines recommendations would no longer be required to articulate substantial and compelling reasons for doing so. *Id.* at 364-365, 365 n 1.

In this case, the recommended range for defendant's minimum sentence under the guidelines as originally scored was 72 to 240 months and defendant was sentenced within that range. In order to calculate the sentencing guideline range, the sentencing court engaged in judicial factfinding, which is prohibited under *Lockridge*. However, we determined that the sentencing court's sentencing decision was in error, not because it engaged in judicial factfinding, but because there was no evidence to support the scoring decision. Accordingly, this is a *Francisco* error, not a *Lockridge* error. In *Francisco*, our Supreme Court held that, when the recommended range for a minimum sentence was adjusted to account for a scoring error, resentencing was required even in cases where the minimum sentence originally imposed was still within the corrected range, because such a "misapprehension of the guidelines range" constituted a sentencing decision "in reliance upon inaccurate information." *Francisco*, 474 Mich at 88, 89 n 7. Given that the court's sentencing decision in this case was based on inaccurate information regarding the scoring of OV 8, resentencing under *Francisco* is required. See *id.* Moreover, *Lockridge* notably did not sever MCL 769.34(1), which is the part of the sentencing guidelines statute that allows for challenging a sentence based upon the scoring of the guidelines or the consideration of inaccurate information.[2]

---

[2] We note that in a recent order, our Supreme Court ordered oral argument on whether to grant leave to appeal in a case involving the interplay of *Lockridge* and *Francisco*. *People v Douglas*, ___ Mich ___; 870 NW2d 730 (2015).

Although under *Lockridge*, the guidelines are no longer mandatory,

> they remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . . [T]rial courts must consult those Guidelines and take them into account when sentencing. Such a system, while not the system the legislature enacted, nonetheless continues to move sentencing in the legislature's preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary. [*Lockridge*, 498 Mich App at 391 (quotations and original brackets omitted).]

Because defendant's guidelines range was inflated by the erroneous scoring of OV 8, the sentencing court—regardless of its ability to engage in judicial factfinding—was guided, at least in part, by an inaccurate sentencing guidelines range. Accordingly, we remand for resentencing rather than for a *Crosby*[3] proceeding under *Lockridge*. On resentencing, the sentencing court shall resentence defendant guided by, but not bound, by the sentencing recommendation for the guidelines when OV 8 is scored at zero points. In light of this conclusion, the claim of a *Lockridge* error as to OV 3 is moot.

Affirmed, but remanded for resentencing. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

---

[3] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).