# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 30, 2006

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

129841

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

RHASIAON ROSS SMITH,
      Defendant-Appellant.

SC: 129841
COA: 264238
Oakland CC: 2004-195667-FH
                    2004-196105-FH

_____/

On order of the Court, the application for leave to appeal the September 14, 2005 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Oakland Circuit Court for resentencing in light of *People v Francisco*, 474 Mich 82 (2006). On remand, Offense Variable 13 should be scored at zero. In all other respects, leave to appeal is DENIED.

CORRIGAN, J., concurs and states as follows:

I concur in our Court's order to remand for resentencing in light of *People v Francisco*, 474 Mich 82 (2006). I write separately to note an apparent split at the Court of Appeals regarding the number of sentencing information reports that trial courts must prepare when a defendant has multiple convictions. In an appropriate case and in the absence of legislative action, this Court may need to consider this issue. Because defendant did not preserve the question, I would not address it in this case.

In *People v Mack*, 265 Mich App 122, 128 (2005), relying on MCL 771.14,[1] the Court of Appeals stated that "for sentencing on multiple concurrent convictions, a [presentence information report] would only be prepared for the highest crime class felony conviction and would [not] be prepared for each of the defendant's multiple convictions." But in *People v Johnigan*, 265 Mich App 463, 472 (2005), relying on MCL 777.21(2),[2] the Court of Appeals stated that, despite the requirement for the *probation department* to score the guidelines only for the highest crime class, "the *sentencing court* must score the guidelines for the remaining crimes as well." (Emphasis added.) Thus, these two decisions may impose competing obligations with respect to the number of sentencing investigation reports when a defendant has multiple convictions. We do not, however, reach the issue here because defendant has not preserved it.

---

[1] MCL 771.14 provides in part:

> (2) A presentence investigation report prepared under subsection (1) shall include all of the following:
>
> * * *
>
> (e) For a person to be sentenced under the sentencing guidelines set forth in chapter XVII, all of the following:
>
> (i) For each conviction for which a consecutive sentence is authorized or required, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.
>
> (ii) Unless otherwise provided in subparagraph (i), for each crime having the highest crime class, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.
>
> (iii) Unless otherwise provided in subparagraph (i), the computation that determines the recommended minimum sentence range for the crime having the highest crime class.
>
> (iv) A specific statement as to the applicability of intermediate sanctions, as defined in section 31 of chapter IX.
>
> (v) The recommended sentence.

[2] MCL 777.21(2) provides:

> If the defendant was convicted of multiple offenses, subject to section 14 of chapter IX, score each offense as provided in this part.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 30, 2006



Clerk