# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

EZELL NATHANIEL MATSEY,

       Defendant-Appellant.

UNPUBLISHED
February 26, 2015

No. 319076
Wayne Circuit Court
LC No. 13-004430-FH

---

Before: FORT HOOD, P.J., and JANSEN and GADOLA, JJ.

GADOLA, J. (*concurring in part and dissenting in part*).

I write separately because I believe the lower court erred in assessing defendant 10 points under OV 10, which provides that a defendant should be assigned 10 points when "[t]he offender exploited a victim's . . . agedness, or . . . abused his or her authority status." MCL 777.40(1)(b). "[P]oints should be assessed under OV 10 only when it is readily apparent that a victim was 'vulnerable,' i.e., was susceptible to injury, physical restraint, persuasion, or temptation." *Cannon*, 481 Mich at 158; see also MCL 777.40(3)(c). "Agedness" is undefined in MCL 777.40, and courts may consult dictionaries to ascertain the plain meaning of undefined statutory terms. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). *Random House Webster's College Dictionary* (2000) defines "aged" as "of advanced age; old," "pertaining to or characteristic of old age."

In this case, the victim was 52 years old at the time of the assault. The majority relies on the fact that the victim was several years older than defendant and several years older than the other victim to conclude that she was exploited due to her agedness. In my assessment of MCL 777.40(1)(b), the mere fact that an age disparity exists between a victim and an assailant does not render the victim inherently vulnerable due to agedness. In my opinion, the victim's age of 52 years does not constitute advanced or old age sufficient to bring it within the plain meaning of "agedness" under the statute, and the lower court wrongly assigned 10 points under OV 10.

The prosecutor argues, and the lower court agreed, that defendant had authority status over the victim, which warranted a 10 point assessment, because he was taller and more muscular than the victim, and because he took advantage of his size and strength to attack her. However, this evidence directly supports an assessment of only five points under OV 10. MCL 777.40(1)(c) provides that five points should be assessed under OV 10 if a defendant

-1-

"exploited a victim by his or her difference in size or strength, or both." The trial court should have assigned defendant only five points under OV 10. A reduction of defendant's score under OV 10 from 10 points to five points would reduce his minimum sentence range under the sentencing guidelines, entitling him to a new sentence. *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). Accordingly, I would remand this case for resentencing.


/s/ Michael F. Gadola