# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BILLIE GENE TOBLER,

        Defendant-Appellant.

UNPUBLISHED
March 23, 2017

No. 330638
Livingston Circuit Court
LC No. 15-022508-FH

Before: BECKERING, P.J., and O'CONNELL and BORRELLO, JJ.

O'CONNELL, J. (*concurring in part and dissent in part*).

I concur in the majority's analysis of offense variables (OVs) 10 and 19. However, I respectfully dissent from the majority's conclusion that the trial court improperly scored OV 7. *People v McGraw*, 484 Mich 120; 771 NW2d 655 (2009), does not apply to the facts of this case because defendant tortured the victim throughout the offense by repeatedly strangling her. I would affirm.

In *McGraw*, the Michigan Supreme Court held that OV 9, which concerns placing victims at risk of injury or loss of life, was improperly scored. *Id*. at 135. OV 9 requires that two or more persons were placed in danger of injury "during the criminal transaction." *Id*. at 133 (quotation marks, citation, and emphasis omitted). During a police chase following the defendant's breaking and entering, the defendant crashed his car, which contained two other occupants. *Id*. at 132. The Court reasoned that the defendant completed his offense before he fled the scene and placed the pursuing officers at risk of injury, and thus the trial court could not consider his post-offense conduct when assessing points under OV 9. *Id*. at 135.

OV 7 requires the trial court to assess 50 points when the defendant treated the victim with (a) "sadism," (b) "torture," (c) "excessive brutality," or (d) "similarly egregious conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a). The trial court must consider the conduct during the sentencing offense alone. *People v Thompson*, 314 Mich App 703, 710; 887 NW2d 650 (2016).

In this case, the sentencing offense was assault by strangulation. Defendant's conduct included repeatedly strangling the victim so that she thought she would die, and the victim thought she would not be able to escape because defendant never allowed her out of his sight. After the strangulations, but before the victim managed to escape, defendant tore out the victim's hair and made her state that she loved him. The trial court assessed 50 points on the basis that

-1-

defendant's offenses were a continuous offense, including the hair-pulling and unlawful imprisonment.

Regardless of whether the trial court properly considered the post-strangulation hair-pulling, I would conclude that the repeated strangulations themselves constituted torture and excessive brutality that substantially increased the victim's anxiety. The evidence was that defendant engaged in repeated strangulations over a prolonged period for his own gratification.[1] As a result, the victim was afraid that she would die during the offense.

An error only mandates reversal if it would affect the defendant's sentencing range. *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). The trial court improperly assessed 10 points under OV 10, but a 10-point reduction in defendant's offense variable score would not affect defendant's sentencing grid. A reduction to 81 points from 91 points still places defendant within OV level VI. See MCL 777.65. Thus, this error alone would not mandate reversal.

I would affirm.

/s/ Peter D. O'Connell

---

[1] In this sense, this case is similar to *People v Gunn*, unpublished per curiam opinion of the Court of Appeals, issued February 7, 2013 (Docket No. 308145), p 8, in which the trial court properly assessed 50 points under OV 7 because the defendant subjected the victims to prolonged humiliation for his gratification.