# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CARLITA KATHLEEN LOCKRIDGE,

        Defendant-Appellant.

UNPUBLISHED
April 11, 2017

No. 330361
Wayne Circuit Court
LC No. 14-004996-03-FC

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

PER CURIAM.

Defendant, Carlita Kathleen Lockridge, appeals by leave granted[1] the trial court's denial of her motion for resentencing. Lockridge pleaded guilty to one count of first-degree home invasion, MCL 750.110a(2), and one count of felonious assault, MCL 750.82. The trial court sentenced Lockridge to serve 45 months to 20 years' imprisonment for her home invasion conviction and to 1 to 4 years' imprisonment for her felonious assault conviction. We reverse and remand for resentencing.

Lockridge and three companions broke into the victim's home, beat him, stabbed him, and attempted to shoot him in the head. Lockridge and her companions fled when the police arrived. During her plea proceedings, Lockridge admitted that she assisted her companions in the home invasion and assault by watching for police.

Lockridge argues that the trial court erred by assessing 10 points under offense variable (OV) 4 because there was no evidence the victim suffered a psychological injury. We agree.

The trial court assessed Lockridge 10 points for prior record variables (PRVs) and 40 points for OVs, including 10 points under OV 4 for psychological injury to the victim. The trial court should assess 10 points under OV 4 if the victim suffered "serious psychological injury requiring professional treatment." MCL 777.34(1)(a). Psychological injuries include, among other things, that the victim suffers "personality changes, anger, fright, or feelings of being hurt,

---

[1] *People v Lockridge*, unpublished order of the Court of Appeals, entered January 12, 2016 (Docket No. 330361).

unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). The trial court improperly scores OV 4 if there is *no* evidence of any psychological injury to the victim, because the trial court may not assume that an injury occurred. *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). The trial court may not assess points under OV 4 on the basis of its belief that anyone in the victim's position would have suffered a psychological injury. *Id*.

In this case, there was no evidence that the victim suffered a psychological injury. At the preliminary examination, the victim described the physical injuries he sustained but did not testify about any psychological trauma. The victim also did not offer any impact statement or testify at sentencing. There is simply no record evidence that the victim suffered a psychological injury, and the trial court may not assume that he did on the basis of the type of crime committed. This error mandates resentencing because the 10-point reduction in Lockridge's OV score affects her guidelines range. See *People v Francisco*, 474 Mich 82, 88-91; 711 NW2d 44 (2006); MCL 777.63. On remand, the trial court shall treat the sentencing guidelines as advisory. See *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

We reverse and remand Lockridge's sentences for further proceedings. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher
/s/ Mark T. Boonstra