# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 16, 2017

v

BOBBY MAURICE COCHRAN,

Defendant-Appellant.

No. 334331
Wayne Circuit Court
LC No. 14-003854-01-FC

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

PER CURIAM.

Defendant appeals as of right, following resentencing, his sentences of 76 to 300 months' imprisonment for his conviction of failure to stop at the scene of an accident resulting in serious impairment of a body function, MCL 257.617(2), 76 to 300 months' imprisonment for his conviction of operation of a motor vehicle with a suspended license causing serious impairment of a body function, MCL 257.904(5), 76 months to 15 years' imprisonment for his conviction of felonious assault, MCL 750.82, and six months in jail for his conviction of operation of a motor vehicle with a suspended license, MCL 257.904(1).[1]  We affirm.

As a fourth habitual offender, MCL 769.12, defendant was originally sentenced to 76 to 300 months' imprisonment for the failure to stop at the scene of an accident resulting in serious impairment of a body function conviction, 76 to 300 months' imprisonment for the operation of a motor vehicle with a suspended license causing serious impairment of a body function conviction, 76 months to 15 years' imprisonment for the felonious assault conviction, and six months in jail for the operation of a motor vehicle with a suspended license conviction. Defendant first appealed his convictions and sentences to this Court arguing, in relevant part, that he should be resentenced where his sentences were based on improperly scored minimum sentencing guidelines and *Alleyne*[2] violations.  As relevant to this appeal, this Court concluded that the trial court (1) improperly scored prior record variable (PRV) 5, PRV 6, and offense variable (OV) 12, and (2) violated *Alleyne* when it scored OVs 12, 13, and 17 based on facts not

---

[1] Defendant was convicted of these offenses following a jury trial.

[2] *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013).

found by the jury beyond a reasonable doubt or admitted by defendant. *People v Cochran*, unpublished opinion per curiam of the Court of Appeals, issued March 31, 2016 (Docket No. 323916). This Court remanded for resentencing pursuant to *United States v Crosby*, 397 F3d 103 (CA 2, 2005), the trial court resentenced defendant and this appeal followed.

On appeal, defendant now contends that this Court should review his sentences[3] to determine if they are reasonable even where his minimum sentences fall within the minimum sentencing guidelines range. We disagree.

We review, de novo, questions involving the interpretation and application of the sentencing guidelines. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006).

MCL 769.34(10) provides, in pertinent part, as follows:

> If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence.

Defendant received 76-month minimum sentences for the sentences at issue, which were within the minimum sentencing guidelines range of 19 to 76 months. Because defendant's minimum sentences fall within the guidelines range, "absent an error in scoring the sentencing guidelines" or a showing that the trial court relied on inaccurate information in rendering defendant's sentences, this Court must affirm the trial court's sentences. MCL 769.34(10). Specifically, in *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016), a case decided following the Michigan Supreme Court's decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), this Court explained the applicability of MCL 769.34(10) in the context of the defendant's argument that his sentence violated the principles set forth in *Alleyne*:

> When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information. MCL 769.34(10). Defendant does not dispute that his sentence was within the recommended minimum guidelines range, and he does not argue that the trial court relied on inaccurate information or that there was an error in scoring the guidelines. Therefore, this Court must affirm the sentence.

According to defendant, "[b]ecause the sentencing guidelines in Michigan now provide for an advisory rather than mandatory range, there can be no binding presumption of reasonableness[ ]" as set forth in MCL 769.34(10). However, in *Schrauben*, this Court

---

[3] Specifically, defendant challenges his sentences for failing to stop at the scene of an accident resulting in serious impairment of a body function, MCL 257.617(2), operation of a motor vehicle with a suspended license causing serious impairment of a body function, MCL 257.904(5) and felonious assault, MCL 750.82.

specifically observed that "[n]otably, *Lockridge* did not alter or diminish MCL 769.34(10)[.]" *Schrauben*, 314 Mich App at 196 n 1. See also *People v Jackson*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 332307) (2017); slip op at 8 (recognizing, in the context of the defendant's argument that his sentence was disproportionate, that where the defendant's minimum sentence was within the guidelines range, "it is presumptively proportionate and must be affirmed.")

In support of his contention that this Court ought to review his sentence to determine whether it was reasonable, defendant points to the United States Supreme Court's decision in *Rita v United States*, 551 US 338; 127 S Ct 2456; 168 L Ed 2d 203 (2007). In *Rita*, the Court observed that several circuits, in reviewing a sentence, "will presume that a sentence imposed within a properly calculated United States Sentencing Guidelines range is a reasonable sentence." *Id*. at 341. Specifically, defendant cites the following language from *Rita*, where the United States Supreme Court stated, "[f]or one thing, the presumption is not binding." *Id*. at 347. As an initial matter, it must be noted that the *Rita* Court made this pronouncement following its recitation of one of the questions at issue on appeal, that being "whether a [federal] court of appeals may apply a presumption of reasonableness to a [federal] district court sentence that reflects a proper application of the Sentencing Guidelines[?]" *Id*. In its introductory analysis, after noting the non-binding nature of the presumption, the *Rita* Court went on to state, in pertinent part, as follows:

> [The presumption] does not, like a trial-related evidentiary presumption, insist that one side, or the other, shoulder a particular burden of persuasion or proof lest they lose their case. . . . Nor does the presumption reflect strong judicial deference of the kind that leads appeals courts to grant greater factfinding leeway to an expert agency than to a district judge. Rather, the presumption reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same conclusion as to the proper sentence in the particular case. That double determination significantly increases the likelihood that the sentence is a reasonable one. [*Id*. (citations omitted).]

Ultimately concluding that federal law "permits the [federal] courts of appeals to use [the] presumption[,]" *id*. at 341, the *Rita* Court acknowledged that the use of the presumption does not contravene 18 USC 3553(a), the federal statute governing the factors the federal district courts are to consider in the imposition of sentences. *Rita*, 551 US at 355-356. In our view, the Court's decision in *Rita* is of limited guidance in the instant case, where the action this Court is directed to take in MCL 769.34(10) is set forth in state law. Additionally, as noted above, this Court in *Schrauben* recognized that the Michigan Supreme Court has not rendered a ruling in any way undermining the plain statutory language of MCL 769.34(10).[4] See *In re Apportionment of State Legislature*, 413 Mich 96, 116; 321 NW2d 565 (1982) (recognizing that "the Michigan Supreme Court has the ultimate responsibility for determining a question of state law."); *Mullaney v*

---

[4] The Michigan Supreme Court denied leave to appeal in *Schrauben*. 500 Mich 860 (2016).

*Wilbur*, 421 US 684, 691; 95 S Ct 1881; 44 L Ed 2d 508 (1975) (recognizing that "state courts are the ultimate expositors of state law[.])"

Defendant also points to the following language from the Michigan Supreme Court's decision in *Lockridge*, arguing that it provides support for his contention that the plain language of MCL 769.34(10) is no longer valid.

> To the extent that any part of MCL 769.34 or another statute refers to use of the sentencing guidelines as mandatory or refers to departures from the guidelines, that part or statute is also severed or struck down as necessary. [*Lockridge*, 498 Mich at 365 n 1.]

Defendant asserts that this language reflects the *Lockridge* Court's determination that "portions of MCL 769.34 going beyond the problematic subsections (2) and (3) might need to be severed in the future[.]" However, we read this language as confirming the *Lockridge* Court's holding that provisions of MCL 769.34 or any other statute that make "the sentencing guidelines range as scored on the basis of facts beyond those admitted by the defendant or found by the jury beyond a reasonable doubt mandatory[ ]" must be struck down. *Lockridge*, 498 Mich at 364. Similarly, our review of *Lockridge* does not yield any indication that the Court intended to eviscerate MCL 769.34(10), and in fact, reflects that the Court was reluctant to rewrite any more of the relevant statutory language than necessary to remedy the constitutional deficiency created where the guidelines range, as scored on facts not admitted by the defendant or found by the jury, was mandatory. *Id*. at 391 (recognizing that rendering the sentencing guidelines advisory "requires the least judicial rewriting of the statute[.]") Moreover, it cannot go unnoticed that the *Lockridge* Court also observed that "[a] sentence that *departs from the applicable guidelines range* will be reviewed by an appellate court for reasonableness." *Id*. at 392 (citation omitted; emphasis added).[5] Therefore, on the basis of the foregoing analysis, where defendant's minimum sentences fall within the minimum sentencing guidelines range, and he does not claim that his sentences resulted from inaccurate information or an error in scoring, we are required to affirm his sentences. MCL 769.34(10).

Affirmed.

/s/ Christopher M. Murray
/s/ Karen M. Fort Hood
/s/ Elizabeth L. Gleicher

---

[5] More recently, in *People v Steanhouse*, 500 Mich 453, 471 n 14; ___ NW2d ___ (2017), the Michigan Supreme Court, by way of footnote, clearly stated that where both of the defendants in that case received departure sentences, "we do not reach the question of whether MCL 769.34(10), which requires the Court of Appeals to affirm a sentence that is within the guidelines absent a scoring error or reliance on inaccurate information in determining the sentence, survives *Lockridge*."