# Order

Michigan Supreme Court
Lansing, Michigan

July 27, 2018

156272

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellee,

v

FREDDIE LEE NELSON,
            Defendant-Appellant.

SC: 156272
COA: 336861
Berrien CC: 2015-001142-FC

_____/

By order of March 7, 2018, the prosecuting attorney was directed to answer the application for leave to appeal the June 16, 2017 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Berrien Circuit Court, and we REMAND this case to the trial court for resentencing. The court assigned 25 points to Offense Variable (OV) 13, MCL 777.43, based upon charges that were dismissed in accordance with the plea agreement, but the record provides no evidence to support the conclusion that the defendant committed a third crime against a person. *People v Francisco*, 474 Mich 82 (2006). Before any alleged crimes may be used to score OV 13, the prosecution must prove by a preponderance of the evidence that the crimes actually took place, that the defendant committed them, that they are properly classified as felony "crimes against a person," MCL 777.43(1)(c), and that they occurred "within a 5-year period" of the sentencing offense, MCL 777.43(2)(a).

MARKMAN, C.J. (*dissenting*).

I respectfully dissent from the order vacating defendant's sentence and remanding to the trial court for resentencing on the basis that "the record provides no evidence to support the conclusion that the defendant committed a third crime against a person." Offense Variable (OV) 13 is properly scored at 25 points where "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person[.]" MCL 777.43(1)(c). However, a review of the record indicates that there is evidence that defendant committed the necessary predicate crimes against the victim: (1) the first-degree criminal sexual conduct offense in the house, to which defendant admitted guilt during the plea hearing; (2) a "rape" at the Motel 6, which the victim herself identified in the presentence investigation report (PSIR); and (3) accosting a minor for immoral purposes, which was established by a text message set forth in the PSIR. It is true that the trial court did not explicitly articulate each of these crimes when defendant

challenged the 25-point score for OV 13 in that court, perhaps because that court incorrectly understood defendant's challenge as grounded in *People v Lockridge*, 498 Mich 358 (2015). The reduction of 25 points in defendant's OV score alters defendant's guidelines minimum sentence range from 126-210 months to 81-135 months. I would not remand, as the majority does, for resentencing but would remand to the trial court to *either* articulate an evidentiary basis for its original sentencing ruling *or* resentence defendant absent the points assessed for OV 13. See, e.g., *People v Harper*, 498 Mich 968 (2016).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 27, 2018



Clerk

t0724