On order of the Court, the application for leave to appeal the November 21, 2017 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, we VACATE the second-degree arson sentence of the Wayne Circuit Court, and we REMAND this case to the trial court for resentencing on that count. The trial court erred by finding that it did not have the authority to review the defendant's sentence for second-degree arson. When the defendant was originally sentenced, the probation department calculated her guidelines only for the higher crime class offense of placing explosives on or near property, MCL 750.207(2)(b), and not for second-degree arson, MCL 750.73(1). The trial court sentenced the defendant to 15 years for both crimes, which was a departure sentence for the arson offense, but it had no practical effect in light of the sentence for placing explosives on or near property. The trial court acknowledged this by stating that the arson sentence was "really based on" the higher class sentence. After the defendant was resentenced in 2016 and her sentence for placing explosives on or near property was reduced, the departure sentence for arson was no longer inconsequential. The arson sentence, being based on a higher class crime offense sentence that had been significantly reduced, was invalid because it was based on inaccurate information, and the trial court had the authority to resentence the defendant on that count. People v. Francisco , 474 Mich. 82, 88, 711 N.W.2d 44 (2006) ; MCR 6.429(A).
Wilder, J., did not participate because he was on the Court of Appeals panel at an earlier stage of the proceedings.