*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JAVIER CANO-MONARREZ,

Defendant-Appellant.

UNPUBLISHED
July 30, 2019

No. 343547
Kent Circuit Court
LC No. 17-000001-FC

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent. I agree with my colleagues that offense variable (OV) 4 and 5 were improperly scored. However, I conclude that OV 17 was incorrectly scored and that defendant is entitled to resentencing as a result.

The jury found that defendant acted with intent to murder when he drove into three pedestrians crossing the street at an intersection. At sentencing, the trial court scored OV 6 at 50 points, finding that defendant had premediated intent to kill. MCL 777.36(1)(a). The court also found that defendant acted negligently and so scored OV 17 at 5 points.

OV 17 addresses the "degree of negligence exhibited" during commission of the sentencing offense. MCL 777.47(1). When OV 6 is scored then the defendant cannot be assessed 10 points under OV 17 for wanton or reckless disregard for a person's life. MCL 777.47(1)(c). This leaves open the possibility that a defendant who intended to kill or injure another may be assessed 5 points under OV 17 for failing "to show the degree of care that a person of ordinary prudence in a similar situation would have shown." MCL 777.47. OV 17 may not be scored based on conduct occurring after the sentencing offense is completed. *People v McGraw*, 484 Mich 120, 122; 771 NW2d 655 (2009); *People Siders*, 497 Mich 985 (2015).

On appeal, the prosecutor admits that OV 17 was erroneously scored. I agree. There was no evidence that defendant knew the victims or that he targeted them for any particular reason. Rather, he simply decided to strike the people who happened to be crossing the intersection. If defendant had "accidentally" struck someone besides the three victims, he would have committed assault with intent to murder against that person, either directly or under the doctrine

of transferred intent. Accordingly, defendant did not commit negligence as to others who may have been near the intersection; any bystander placed at risk was within the scope of his intentional act.

I also conclude that a preponderance of the evidence does not support the majority's finding that defendant placed bystanders at risk. A witness testified that he approached the intersection and saw the three victims in the street. He pulled his vehicle over and approached the scene. As he was doing so, he saw "about two people" also walking toward the victims. The witness said that more people then pulled over and came to the scene. This testimony does not establish that a bystander was close enough to be in danger when defendant struck the victims. There were suggestions that defendant drove back through or near the scene in route to his home. But no evidence indicated that he did so negligently or placed anyone else at risk. The mere fact that there were people in the surrounding area when defendant committed the crime does not by itself establish that those people were placed in danger.

Defendant committed an intentional and heinous act. In the absence of any evidence suggesting negligence, the trial court erred in scoring OV 17 at 5 points. Because this scoring error and the errors regarding OV 4 and 5 affected defendant's sentencing guidelines range, I would remand for resentencing. See *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006).

/s/ Douglas B. Shapiro