*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DARIN REY ALDRIDGE,

        Defendant-Appellant.

UNPUBLISHED
June 4, 2020

No. 349082
St. Clair Circuit Court
LC No. 18-002783-FH

Before: BECKERING, P.J., AND FORT HOOD AND SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I agree with the majority's treatment of the issue raised in defense counsel's brief concerning the scoring of OV 13. I would however, address the issues raised in defendant's Standard 4 brief consistent with our Internal Operating Procedure 7.212(F)-3 which provides:

> An administrative order of the Michigan Supreme Court provides that indigent defendants represented by appointed counsel may raise issues in this Court that their attorneys decline to raise.[1] The defendant may raise these issues by filing one brief, with or without an appropriate accompanying motion. . . . The defendant's filing must be received by the Court within 84 days after the filing of the appellant's brief by defense counsel.

In his Standard 4 brief, defendant challenges the scoring of OV 9, 10, 12 and 19. OV 9 was scored because there were two victims of defendant's crime, his girlfriend and her daughter. Both were present and both were threatened by defendant and so the scoring was proper. MCL 777.39(1)(c). OV 10 was scored on the basis of exploitation of a domestic relationship. MCL 777.40(1)(b). Defendant argues that he was not living with his girlfriend but in the course of his plea he admitted that they lived together. Hence, his argument concerning OV 10 is without merit.

---

[1] Administrative Order No. 2004-6, 471 Mich c, cii (2004).

I agree with defendant that OV 12 was improperly scored at 5 points because defendant's contemporaneous criminal acts were all the basis of separate convictions and so may not be the basis of points under this variable. MCL 777.42(2)(a)(*ii*). I also agree with defendant that OV 19 was improperly scored 15 points on the grounds that defendant used the threat of force in an attempt to interfere with the administration of justice. See MCL 777.49(b). The trial court based the score on its finding that defendant, prior to the police arriving, stated to the victims that when the police arrived he would go at them with a knife so that they would shoot him, i.e., that he would commit "suicide by cop." Defendant did not in fact confront the police in this fashion and was taken into custody without difficulty. The trial court concluded, however, that defendant made this statement and that the police were told of it by a third party. Yet there is nothing in the transcripts of the preliminary examination, plea, or sentencing nor in the presentence investigative report that supports the finding that the police were informed of defendant's threat or that it affected the officers' actions. Therefore, there was an insufficient factual basis for this OV to be scored.

Correction of these errors however would not result in a change in defendant's sentencing grid and so does not require resentencing. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006). Accordingly, I concur.

/s/ Douglas B. Shapiro