# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 16, 2021

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

162747

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellee,

v

ANTHONY JEROME BEATY,
　　　　Defendant-Appellant.

SC: 162747
COA: 349821
Otsego CC: 11-094342-FC

_____/

On order of the Court, the application for leave to appeal the February 11, 2021 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals, VACATE the sentence of the Otsego Circuit Court, and REMAND this case to the trial court for resentencing. The reasons given for the departure did not adequately account for the extent of that departure (95 months beyond the top of the applicable range of 51 to 85 months). In imposing the sentence for delivery of heroin causing death, MCL 750.317a, the trial court treated defendant as if his sentencing guidelines range was calculated from the B-V cell for Class A offenses, as is appropriate for Prior Offense Variable (PRV) Level B defendants scoring 80 to 99 Offense Variable (OV) points. MCL 777.62. Given that defendant actually scored 41 OV points and placed in the B-III cell, this departure represents at least an additional 39 OV points. In finding that the amount of drugs at issue and defendant's delivery of heroin after the victim's death was effectively equivalent to a 39-point OV increase, the trial court treated these circumstances as more serious than circumstances that would have resulted in a smaller OV-point increase. For example, having the mental state necessary for conviction of second-degree murder would only have resulted in a 25-point increase. See MCL 777.36(1)(b).

On resentencing, we further direct the trial court to correct defendant's Sentencing Information Report to reflect defendant's status as PRV Level B and a zero-point assessment for PRV 7. *People v Francisco*, 474 Mich 82, 88 (2006).

We do not retain jurisdiction.

ZAHRA, J., would deny leave to appeal.

VIVIANO, J. (*concurring in part and dissenting in part*).

I take no issue with the portion of this Court's order directing the trial court to correct defendant's Sentencing Information Report, but I respectfully dissent from the remainder of the Court's decision to reverse the judgment of the Court of Appeals, vacate defendant's sentence, and remand this case for resentencing for a third time—in what will now amount to the fourth sentencing in this case.[1]  As we have stated, "the relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality . . . ." *People v Steanhouse*, 500 Mich 453, 471 (2017).  " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' "  *Id*. at 472, quoting *People v Milbourn*, 435 Mich 630, 661 (1990).  In my opinion, the sentence imposed was proportionate in light of defendant's decision to continue selling heroin even after he sold heroin to the victim and knew that her death was caused by the use of heroin.  Thus, the trial court did not abuse its discretion.  See *Steanhouse*, 500 Mich at 471.

It is important to remember that a resentencing has impacts beyond just the defendant, the prosecution, and the trial court.  Resentencings also have significant emotional and psychological effects on victims and their families.  See Davis, *Getting a Second Chance—Again*, 101 ABA J 19, 20 (Sept 2015) (noting the emotional impact a resentencing hearing can have on victims' families); cf. Gibbons, *Victims Again—Survivors Suffer Through Capital Appeals*, 74 ABA J 64, 67 (1988) (describing the impacts that violent crime can have on victims and their families in the context of capital appeals).  Of course, sympathy for a victim's family would not justify upholding an unreasonable sentence.  But the majority today prolongs these proceedings once again, impinging on the trial court's discretion, without providing any real guidance on what it believes would be a proportionate sentence in this case.  I therefore respectfully dissent in part.

---

[1] Defendant was first sentenced to 240 to 600 months in prison.  At his second sentencing, he received a sentence of 210 to 600 months in prison.  At his third sentencing, his minimum sentence was reduced to 180 months, which was a departure of 95 months.  Defendant appealed each sentence, and each time the Court of Appeals denied leave, but this Court remanded for further proceedings.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 16, 2021



t0713

Clerk