*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANDRE ATRELEONEIL JONES,

        Defendant-Appellant.

UNPUBLISHED
February 22, 2024

No. 351881
Oakland Circuit Court
LC No. 2018-266628-FC

Before: SERVITTO, P.J., and RIORDAN and RICK, JJ.

ON REMAND

PER CURIAM.

This case returns to us on remand from the Supreme Court. Defendant previously appealed as of right his jury trial convictions of second-degree murder, MCL 750.317,[1] felon in possession of a firearm, MCL 750.224f(1), carrying a concealed weapon (CCW), MCL 750.227, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b, to this Court. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to concurrent prison terms of 562 months to 99 years for the second-degree murder conviction, and 47 to 90 months each for the felon in possession of a firearm and CCW convictions, to be served consecutive to two two-year terms of imprisonment for the felony-firearm convictions. This Court affirmed, *People v Jones*, unpublished opinion of the Court of Appeals, issued January 27, 2022 (Docket No. 351881) ("*Jones* I"), and our Supreme Court initially held defendant's application for leave to appeal this Court's decision in abeyance, pending the decisions in "the cases of *People v Posey* (Docket No. 162373) and *People v Stewart* (Docket No. 162497)." *People v Jones*, 979 NW2d 826, 827 (Mich, 2022). Those cases having been decided, our Supreme Court has vacated *Jones* I, "to the extent that it is inconsistent with our decision in [*People v*] *Posey*", 512 Mich 317;

---

[1] Defendant was charged with first-degree premeditated murder, MCL 750.316(1)(a), and the jury convicted him of the lesser offense of second-degree murder.

__NW2d __ (2023) and remanded the case back to this Court for reconsideration in light of *Posey*. *People v Jones*, 997 NW2d 185, 186 (Mich, 2023). Upon reconsideration, we again affirm.

The background facts were presented in *Jones* I:

Defendant's convictions arise from the fatal shooting of Carlton Eaton at a park in Pontiac on the morning of January 11, 2018. At trial, the prosecutor argued that defendant killed Eaton in an "execution-style" shooting, as an act of revenge on behalf of defendant's cousin. Witnesses testified that, in the hours preceding the shooting, defendant had been told that Eaton, who was in a relationship with defendant's cousin, had struck her, causing her face to be bruised and swollen. At one point, defendant stated, in front of witnesses, that he intended to "f up" Eaton. Subsequently, as defendant was walking with Justin Franklin, the sole eyewitness to the shooting, they encountered Eaton, whom both men knew. In response to defendant's inquiry, Eaton denied hitting defendant's cousin and called her a liar. After purchasing liquor, the three men walked to a park where they drank beer, smoked cigarettes, and talked. According to Franklin, during the one to two hours they were there, no one acted aggressively and he did not see anyone with a weapon.

Franklin testified that, at one point, he approached defendant and Eaton, who were standing face-to-face talking in a normal tone of voice, and indicated that he was ready to leave. Defendant and Eaton both indicated that they were not ready to leave yet, so Franklin turned to leave by himself. As soon as Franklin turned his back, he heard a gunshot. When Franklin turned around, he saw Eaton fall face first to the ground and saw defendant put a black .38 special handgun up his sleeve. Franklin ran, but stopped after defendant asked, "Where your bitch ass going?" Defendant was calm and said that "he shouldn't have done it." Franklin remained with defendant, stopping at a friend's house and going to eat, until they went to defendant's house where defendant fell asleep. After leaving defendant's house, Franklin immediately called 911 to report the shooting, voluntarily went to the police station and gave a statement, and offered to have his hands and clothing tested for gunpowder residue.

The medical examiner testified that the cause of death was one gunshot wound to the back of the head, and that the bullet was fired from approximately one to two inches away. An expert in firearms analysis testified that the bullet recovered from Eaton's head was consistent with being fired from four different types of handguns, including a .38 special caliber revolver.

At trial, the defense argued that defendant was not the shooter. The defense argued that Franklin, the only eyewitness, was not credible, and had accused defendant of shooting Eaton to protect himself from being suspected. In the alternative, the defense argued that the killing was not premediated, and therefore, the evidence was insufficient to prove first-degree premediated murder and "at most it's manslaughter." [*Jones* I, p 1–2].

Prior to *Posey*, when presented with a challenge to a sentence that was within the sentencing guidelines, this Court was required to affirm that sentence absent an error in scoring the sentencing guidelines or if inaccurate information was relied on in determining the defendant's sentence. See, e.g., *People v Cox*, 268 Mich App 440, 454; 709 NW2d 152 (2005). This long-followed principle was based on the specific language of MCL 769.34(10), which states, "[i]f a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." See also, *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). In *People v Posey*, __ Mich__; __NW2d __ (2023) (Docket No. 162373), however, our Supreme Court determined that the above-quoted portion of MCL 769.34(10) is unconstitutional "because, as we explained in [*People v*] *Lockridge*, [498 Mich 358; 870 NW2d 502 (2015)], it would necessarily render the guidelines mandatory." *Posey*, 512 Mich at 352. The *Posey* Court further instructed, "[i]n accordance with *Lockridge* and *Steanhouse*, [500 Mich at 453] we hold that appellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *Posey*, 512 Mich at 352. In addition, this Court is to review within-guidelines sentences for reasonableness, but applying a presumption of proportionality, through which the defendant bears the burden of demonstrating that his/her within-guidelines sentence is unreasonable or disproportionate. *Id*. at 359. "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Burkett*, 337 Mich App 631, 637; 976 NW2d 864 (2021).

Because *Posey* addresses sentencing issues and the remand order from our Supreme Court vacated this Court's prior opinion *only* to the extent that it is inconsistent with the *Posey* decision while denying leave to appeal in all other respects, *People v Jones*, 997 NW2d 185, 186 (Mich, 2023), this Court will address only the proportionality sentencing issue raised by defendant on appeal.

Defendant contends that the 562-month minimum sentence the trial court imposed for his second-degree murder conviction is disproportionate and unreasonable because it is, in essence, a life sentence. We review whether a trial court violated the principle of proportionality (i.e., whether the sentence imposed is reasonable) for an abuse of discretion. *Steanhouse*, 500 Mich at 459–60.

Second-degree murder is a class M2 offense, MCL 777.16p. The trial court's scoring of the guidelines placed defendant in the E-II cell of the applicable sentencing grid, for which the minimum sentence range is 270 to 450 months. MCL 777.61. Because defendant was sentenced as a second-offense habitual offender, the upper limit of his guidelines range was increased by 25%, MCL 777.21(3)(a), resulting in an enhanced sentencing guidelines range of 270 to 562 months. There is thus no dispute that defendant's sentence is within the appropriate guidelines range. Because defendant's sentence was presumptively proportionate, he bears the burden of presenting unusual circumstances that would render the presumptively proportionate sentence disproportionate. *Burkett*, 337 Mich App at 637; see also *Posey*, 512 Mich at 352.

The only argument defendant raises with respect to proportionality is that his current sentence makes him parole eligible when he is 67 years old and there is no guarantee defendant

-3-

will be released on his first parole eligibility date. Defendant argues that a lower sentence would "still ensure punishment, would be a strong deterrent for the community and Mr. Jones, and would provide him with a meaningful chance at parole." However, the trial court noted, when imposing sentence, that defendant was on bond at the time of the instant offenses and had other charges pending. The trial court further noted that in 2008 defendant was placed on Holmes Youthful Trainee status for an unarmed robbery but violated probation and lost that status, was thereafter sent to prison, was paroled and then absconded from parole. Defendant was arrested on other charges in 2018 and, according to the trial court had "problems" with bench warrants, and faced later charges of assault and battery and reckless use of a firearm. The trial court took into consideration, then, that defendant did not fare well with prior supervision and that his prior punishments clearly had no deterrent effect.

The trial court further stated, when imposing sentence on defendant, that the murder was egregious and "far beyond the pale of civilized society, involving the slaughter of an innocent person in an execution-style incident." The trial court found it in the best interests of justice to sentence defendant to the upper limit of his guidelines and clearly articulated its reasons for doing so. Defendant has not satisfied his burden of presenting any unusual circumstances that would render the presumptively proportionate sentence disproportionate. *Burkett*, 337 Mich App at 637; see also *Posey*, 512 Mich at 352.

Affirmed.

/s/ Deborah A. Servitto
/s/ Michael J. Riordan
/s/ Michelle M. Rick