# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JOSEPH CHRISTOPHER MAZZIO,

      Defendant-Appellant.

UNPUBLISHED
December 12, 2017

No. 334213
Oakland Circuit Court
LC No. 2012-242291-FC

---

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of assault with intent to murder (AWIM), MCL 750.83. Defendant was originally sentenced to 7 years and 4 months to 30 years' imprisonment for the AWIM conviction. Defendant appealed to this Court and argued, in part, that the trial court engaged in impermissible judicial fact-finding when it assessed defendant's sentencing guidelines. On May 27, 2014, this Court affirmed defendant's conviction and sentence. *People v Mazzio*, unpublished opinion per curiam of the Court of Appeals, issued May 27, 2014 (Docket No. 314685). On July 24, 2014, defendant filed an application for leave to appeal with the Michigan Supreme Court. On November 25, 2014, the Michigan Supreme Court entered an order holding defendant's case in abeyance pending its decision in *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *People v Mazzio*, 856 NW2d 52 (Mich, 2014). On October 28, 2015, the Michigan Supreme Court entered an order reversing in part the judgment of this Court and remanded to the trial court for a determination of whether it "would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*." *People v Mazzio*, 498 Mich 902 (2015).

On April 13, 2016, the trial court held a telephone conference between defendant, the prosecutor, and the trial court, during which defendant requested resentencing and the appointment of counsel. On July 26, 2016, the trial court held a *Crosby*[1] hearing and resentenced defendant to 6 to 30 years' imprisonment for the assault with intent to murder conviction. Defendant now appeals as of right. We affirm.

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

Defendant argues that the trial court erred when it engaged in impermissible judicial fact-finding to assess 25 points for offense variable (OV) 3. We disagree.

As questions of law, this Court reviews de novo the proper interpretation and application of the statutory sentencing guidelines, MCL 777.11 *et seq*. *People v Francisco*, 474 Mich 82, 85; 711 NW2d 44 (2006).

> Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo. [*People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted).]

"A Sixth Amendment challenge presents a question of constitutional law that we review de novo." *Lockridge*, 498 Mich at 402.

> When this Court is presented with an evidentiary *and* a constitutional challenge regarding the scoring of the guidelines, the evidentiary challenge must initially be entertained, because if it has merit and requires resentencing, the constitutional or *Lockridge* challenge becomes moot—a defendant will receive the protections of *Lockridge* when he or she is resentenced. And if an evidentiary challenge does not succeed, then and only then should we entertain the constitutional challenge. [*People v Biddles*, 316 Mich App 148, 157-158; 896 NW2d 461 (2016).]

"The fact that a trial court engaged in judicial fact-finding is not relevant to the inquiry into an evidentiary challenge." *Id*. at 158.

While defendant does not present an evidentiary challenge to the scoring of OV 3, we nonetheless address the issue. Where a "[l]ife threatening or permanent incapacitating injury occurred to a victim," 25 points are assigned to OV 3. *People v Houston*, 473 Mich 399, 404; 702 NW2d 530 (2005) (emphasis omitted); see MCL 777.33(1)(c). When assessing points to OV 3, the trial court must award the highest numbers of points. *Houston*, 473 Mich at 407; MCL 777.33(1).

The trial court correctly assessed 25 points for OV 3. There is no doubt that the victim's injuries were life threatening. Defendant stabbed the victim three separate times, two of which were within millimeters of his jugular vein. A medical professional testified that the two stab wounds near the jugular intersected and were life threatening. Therefore, "[b]ecause the statute directs the trial court to award the highest number of points possible under OV 3, the trial court was required to assess twenty-five points under MCL 777.33(1)(c)." *Houston*, 473 Mich at 407. Thus, the trial court's factual determinations with respect to OV 3 were not clearly erroneous and were supported by a preponderance of the evidence. *Hardy*, 494 Mich at 438 (citation omitted).

Additionally, defendant is incorrect in asserting that OV 3 should have been assessed at zero points. According to the Michigan Supreme Court in *Houston*, "[i]t is equally clear, according to the plain language of MCL 777.33(1)(f), that zero points must be excluded as an option because zero points may be assessed under that subsection only when '[n]o physical injury occurred to a victim.'" *Houston*, 473 Mich at 406, quoting MCL 777.33(1)(f) (second alteration in original). The multiple stab wounds to the victim's neck constitute a physical injury under the statute. Therefore, "the trial court did not have the option of scoring zero points for OV 3." *Id*. at 406.

Defendant further argues that the trial court's judicial fact-finding during his resentencing violated his right to a trial by jury. We disagree.

The *Lockridge* Court found that the sentencing guidelines were constitutionally deficient. *Lockridge*, 498 Mich at 364. Although *Lockridge* made the sentencing guidelines strictly advisory, the Michigan Supreme Court has stated that they must be scored, "whether using judge-found facts or not." *Id*. at 391-392 n 28.

"The constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a *mandatory* minimum sentence range." *Biddles*, 316 Mich App at 158 (emphasis in original). "*Lockridge* remedied this constitutional violation by making the guidelines *advisory*, not by eliminating judicial fact-finding." *Id*. "That judicial fact-finding remains part of the process of calculating the guidelines is evidenced by the *Lockridge* Court's observation that its 'holding today does nothing to undercut the requirement that the highest number of points possible *must be* assessed for all OVs, *whether using judge-found facts or not*.'" *Id*. at 159, quoting *Lockridge*, 498 Mich at 392 n 28. "This quote from *Lockridge* is consistent and reconcilable with the full *Lockridge* opinion; judicial fact-finding is proper, as long as the guidelines are advisory only." *Biddles*, 316 Mich App at 159. This Court found that its point was further supported by the Supreme Court's following discussion:

> First, the defendant asks us to require juries to find the facts used to score all the OVs that are not admitted or stipulated by the defendant or necessarily found by the jury's verdict. *We reject this option*. The constitutional violation can be effectively remedied without burdening our judicial system in this manner, which could essentially turn sentencing proceedings into mini-trials. And the United States Supreme Court . . . expressly rejected this remedy because of the profound disruptive effect it would have in every case. . . . It would alter the judge's role in sentencing. We agree. [*Id*. at 159-160, quoting *Lockridge*, 498 Mich at 389 (quotation marks omitted).]

"Absent the use of an admission or stipulation or a jury's factual findings to assess a defendant's OVs, the only remaining avenue available to score the OVs entails judicial fact-finding, which is of no constitutional consequence if the guidelines are merely advisory." *Biddles*, 316 Mich App at 160-161. This Court disagreed "with any contention that a trial court can only use facts determined by a jury beyond a reasonable doubt when calculating a defendant's OV scores under the guidelines." *Id*. at 161. Such a contention "is in direct contradiction of the *Lockridge* Court's rejection of the defendant's argument that juries should be

required to find the facts used to score the OVs." *Id*., citing *Lockridge* 498 Mich at 389. Therefore, because judicial fact-finding remains an integral part of the sentencing process, the trial court did not improperly assess defendant's score for OV 3 using judge-found facts.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron