*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL EUGENE LEAHY,

        Defendant-Appellant.

UNPUBLISHED
December 12, 2019

No. 346785
Lenawee Circuit Court
LC No. 17-018460-FC

Before: BECKERING, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Michael Leahy, appeals by leave granted[1] his plea-based conviction of armed robbery, MCL 750.529. The trial court sentenced Leahy to 200 to 600 months imprisonment for his conviction. We affirm.

## I. BASIC FACTS

On February 5, 2017, Leahy robbed the Jasper Food and Fuel convenience store. As a result of the robbery, Leahy was charged with armed robbery, carrying a dangerous weapon with unlawful intent (Count 2), MCL 750.226, and possession of a firearm during the commission of a felony (felony-firearm) (Count 3), MCL 750.227b, as a fourth-offense habitual offender, MCL 769.12. Leahy pleaded guilty to armed robbery in exchange for the dismissal of counts 2 and 3, and the fourth-offense habitual offender notice. As part of the factual basis for his plea, Leahy testified that he possessed a flashlight during the robbery, and stated that he implied that it was a gun.

---

[1] *People v Leahy,* unpublished order of the Court of Appeals, entered January 24, 2019 (Docket No. 346785).

-1-

## II. SENTENCING

### A. STANDARD OF REVIEW

Leahy argues that the trial court erred by scoring offense variables (OV) 1, 2, 4, and 13. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

### B. ANALYSIS

#### 1. OVS 1 AND 2

Leahy argues that the trial court erred by scoring OVs 1 and 2 because, as part of his plea agreement, the prosecution agreed to not use counts 2 and 3 to score the sentencing guidelines. In support, he references the following statements made during the plea hearing:

> [*Leahy's lawyer*]: It would be Count 1, armed robbery. Sentencing would be within the guideline range as determined by the Court. Counts 2 and 3 would be dismissed along with any habitual or supplemental [sic] to this matter at sentencing and would not be used in computation of those guidelines.
>
> *The Court*: Count [sic] 2 and 3 would not be used in computation of the guidelines?
>
> [*Leahy's lawyer*]: No. Count [sic] 2 and 3 would be dismissed upon sentencing.
>
> *The Court*: Okay. But he's to admit all for sentencing and restitution purposes.
>
> [*Leahy's lawyer*]: Your Honor, I believe that that would not be necessary in light of our plea.
>
> [*Prosecution*]: The plea that he is going to enter today, I believe, will make it so Count 3 will not be a convictable charge.
>
> *The Court*: Okay. All right. So Count 3 was added for purposes of— okay. So Count 3 will not be considered.
>
> [*Prosecution*]: That's correct.

Leahy subsequently informed the trial court that it was his intention to accept the plea agreement, and the court responded: "And then Count 2 would be dismissed, Count 3 would not be considered for purposes of scoring the guidelines, and your habitual offender fourth offense notice would also be dismissed. Is that correct?" Leahy agreed. Accordingly, although Leahy's

lawyer initially stated that neither count 2 nor count 3 would be used to score the sentencing guidelines, when asked to clarify, he told the court that the charges would only be dismissed. Subsequently, all references to the agreement only indicated that count 3 would not be considered when scoring the sentencing guidelines. As a result, it is not evident from this record that the prosecution waived, i.e., intentionally relinquished, any scoring of the guidelines based on counts 2 and 3 or if it only waived the use of count 3 for scoring purposes.

Nevertheless, even if the prosecution had waived the use of both counts 2 and 3 for purposes of scoring the sentencing guidelines, that did not also waive the use of any facts that would have been necessary to sustain convictions for those counts. In other words, nothing in the plea transcript suggests that the prosecution was waiving the right to argue that during the *armed* robbery Leahy possessed a gun. In fact, the court was required to evaluate the armed robbery when scoring the guidelines. "Offense variables must be scored giving consideration to the sentencing offense alone, unless otherwise provided in the particular variable." *People v McGraw*, 484 Mich 120, 133; 771 NW2d 655 (2009). In connection, with his plea, Leahy stated that he had a flashlight that he implied was a gun. The prosecution, however, was free to present evidence to establish that he actually possessed a gun, and it did so in the form of photographs from the scene and testimony. Based on the evidence presented at the sentencing hearing, the court assessed 15 points for OV 1 and 5 points for OV 2.

OV 1 is assessed 15 points if "[a] firearm was pointed at or toward a victim . . . ." MCL 777.31(1)(c). OV 2 must be assessed five points if "[t]he offender possessed or used a pistol, rifle, shotgun . . . ." MCL 777.32(1)(d). At sentencing, a police detective testified that he reviewed photographs from the robbery and based on his experience and knowledge, he opined that Leahy was holding a gun. The photographs were admitted into evidence. Based on the testimony and photographs, the court found:

> In this case we've had testimony by the detective and also had an opportunity to review photos from the scene, which do very closely show the weapon that was held in his hand. And based upon the testimony and the fact that the way that he held the gun and the fact that the butt of the gun was visible and the way he held it, I do believe . . . a firearm was pointed at the victim in this matter.

Considering the evidence admitted, we conclude that OV 1 was properly assessed 15 points and OV 2 was properly scored at 5 points.

### 2. OV 4

Leahy argues that the trial court erred in assessing 10 points for OV 4 where there was no evidence of psychological injury requiring professional help. OV 4 is assessed 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). A trial court must assess "10 points if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive." MCL 777.34(2). "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). However, "a victim's fear during a crime by itself and without any other

showing of psychological harm" is insufficient to assess 10 points for OV 4. *People v White*, 501 Mich 160, 164; 905 NW2d 228 (2017). In this case, at sentencing, the store clerk testified as follows:

> But that, you know, he just made me more aware, made me have to look at every customer, are you going to try to rob me with a gun? And I shouldn't have to do that. And because like I said, we are one family there. And now when I get a strange customer, it's like, "Okay, who are you and why are you in here?" because they're not a regular. So he really made it harder to be more open and friendly with the customers because I don't know what they're going to do. And that's not right. And that he can threaten somebody and then get away and then, you know, it just -- no, I didn't -- very uncomfortable in my job.

Based on this testimony, it is clear that the store clerk suffered personality changes because she views the customers differently and struggles with being friendly with them. She also suffered feelings of being unsafe because now when she gets a customer who is not a regular customer, she questions what they are going to do. Therefore, the store clerk's statements about the way the robbery affected her work life demonstrate that she suffered a psychological injury requiring the assessment of 25 points for OV 4.[2]

### 3. OV 13

Leahy argues that the trial court erred by assessing 25 points for OV 13 and believes that the court should have only scored 10 points. OV 13 is assessed 25 points if "[t]he offense was part of a pattern of felonious criminal activity involving 3 or more crimes against a person." MCL 777.43(1)(c). Ten points are assessed if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property . . . ." MCL 777.43(1)(d). "For determining the appropriate points under this variable, all crimes within a 5-year period, including the sentencing offense, shall be counted regardless of whether the offense resulted in a conviction." MCL 777.43(2)(a).

The trial court assessed 25 points for OV 13 because it was part of a pattern of felonious criminal activity involving three or more crimes against a person. In doing so, the court counted the sentencing offense as well as two armed robberies that it found were committed in Ohio. Leahy's presentence investigative report (PSIR) contains the following statement regarding the Ohio robberies:

---

[2] On appeal, the prosecution cites the victim impact statement of the store owner. However, although the prosecution has included a copy of the victim impact statement in connection with this appeal, the document does not appear to have been submitted to the trial court nor is a copy of it included in the lower court record. Because a party may not expand the record on appeal, we have not considered the victim impact statement submitted by the prosecution. See *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999).

defendant stole purse from 42-year-old female, Donna Bailey's shopping cart in parking lot, in doing so dragged her, as her arm was caught in his vehicle window. Another customer/witness busted his rear vehicle's window -- found in the defendant's SUV was: brown leather purse, with $150 case/SS card; Bailey's Ohio Driver's License; Rite Aid card, Insurance card & children's pictures, a 2nd wallet with a credit card in the name of Amanda Recollet, along with a title to a 1999 Jeep Cherokee was found in defendant's SUV.

On appeal, the prosecution contends that because Leahy did not challenge the factual accuracy of that statement in the PSIR, the court could rely on it as being factually accurate when sentencing Leahy.

However, the PSIR provides evidence only that Leahy stole a purse from a shopping cart and the purse was found in his car, which was identified as a felony in the PSIR. But there is nothing to support a finding by a preponderance of the evidence that Leahy stole the second wallet or the Jeep title found in his car. Therefore, in the absence of additional evidence the trial court could not have found by a preponderance of the evidence that the latter offenses were committed. See *People v Butler*, ___ Mich ___; 865 NW2d 29 (Mich, 2015) (vacating the defendant's sentence where OV 13 was assessed at 25 points "based on out-of-state charges or accusations" because the prosecution had not proved by a preponderance of the evidence that the crimes actually took place). Consequently, we agree with Leahy that OV 13 should not have been assessed at 25 points and should have only been assessed at 10 points. See MCL 777.43(1)(d).

## C. CONCLUSION

Although OV 13 was improperly scored, Leahy is not entitled to resentencing because the error did not change the appropriate guidelines range. See *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). The correction of OV 13 reduces Leahy's total OV score from 56 to 41 points keeping him in an OV level of III. See MCL 777.62. Leahy's sentence must therefore be affirmed. *Francisco*, 474 Mich at 89 n 8.

Affirmed.

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Michael J. Kelly