*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

NICHOLAS SCOTT REYNOLDS,

        Defendant-Appellant.

FOR PUBLICATION
October 15, 2020
9:10 a.m.

No. 345813
Macomb Circuit Court
LC No. 2017-001285-FH

Before: SWARTZLE, P.J., and JANSEN and BORRELLO, JJ.

BORRELLO, J.

Defendant appeals by leave granted,[1] challenging the propriety of his sentence. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant pleaded no contest to two counts of child sexually abusive material or activity, MCL 750.145c(2), one count of assault by strangulation, MCL 750.84(1)(b), and one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d (multiple variables). Defendant was sentenced to 160 to 240 months' imprisonment for each child sexually abusive material or activity conviction, 72 to 120 months' imprisonment for the assault by strangulation conviction, and 108 to 180 months' imprisonment for the CSC-III conviction, with the sentences to run concurrently with each other. Defendant's minimum sentencing guidelines range was calculated on the basis of his CSC-III conviction, and the guidelines range was not calculated for any of his other convictions.

In a written opinion and order, the trial court denied defendant's motion to correct an invalid sentence. On appeal, defendant argues that the trial court erred and that he is entitled to resentencing because his guidelines range was calculated on the basis of his CSC-III conviction

---

[1] *People v Reynolds*, 505 Mich 868 (2019) (remanding the matter to the Court of Appeals for consideration as on leave granted).

(which was Count IV) and not his child sexually abusive material or activity convictions (which were Counts I and II). Pertinent to the issues before us on appeal, the trial court ruled as follows:

> Counts I and II are Class B offenses against a person. MCL777.16g(1). Count III is a Class D offense against a person. MCL777.16d. Count IV is a Class B offense against a person. MCL 777.16y. Inasmuch as Counts I, II and IV are all Class B offenses against a person, defendant's argument that he should have been scored under Counts I and II rather than Count III [sic] wholly lacks merit. Indeed, the same prior record variables and offense variables are scored for Counts I, II and III [sic]. MCL 777.21(1)(b) and 777.22(1).[2]

## II. STANDARD OF REVIEW

Defendant's appellate challenge presents issues involving the interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq.*, which we review de novo as questions of law. *People v Morson*, 471 Mich 248, 255; 685 NW2d 203 (2004). We begin our analysis by reviewing the statutory language and "[w]here the language is unambiguous, we give the words their plain meaning and apply the statute as written." *Id*. Although we review any factual findings by the trial court in the sentencing context for clear error, the question "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Rodriguez*, 327 Mich App 573, 576; 935 NW2d 51 (2019) (quotation marks and citation omitted).

## III. ANALYSIS

The main issue on appeal concerns how to properly determine defendant's recommended minimum guidelines range in light of his multiple convictions. MCL 777.21(2), contained within the sentencing guidelines, provides that "[i]f the defendant was convicted of multiple offenses, *subject to section 14 of chapter XI*, score *each* offense as provided in this part." (Emphasis added.) Following this instruction, we turn our attention to MCL 771.14, which provides in pertinent part as follows:

> (2) . . . A presentence investigation report . . . shall include all of the following:

> \* \* \*

> (e) For a person to be sentenced under the sentencing guidelines set forth in chapter XVII, all of the following:

---

[2] It appears that the last two sentences of this paragraph contain a typographical error in which the trial court mistakenly refers to Count III instead of Count IV. Defendant's guidelines range was calculated on the basis of his conviction on Count IV for CSC-III, which is a Class B offense against a person under MCL 777.16y.

(*i*) For each conviction for which a consecutive sentence is authorized or required, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

(*ii*) Unless otherwise provided in subparagraph (*i*), for *each crime having the highest crime class*, the sentence grid in part 6 of chapter XVII that contains the recommended minimum sentence range.

(*iii*) Unless otherwise provided in subparagraph (*i*), the computation that determines the recommended minimum sentence range for the crime having the highest crime class. [Emphasis added.]

These statutes, read together, require that the recommended minimum guidelines range be determined for "*each*" offense "*having the highest crime class.*" MCL 777.21(2) (emphasis added); MCL 771.14(2)(e)(*ii*) (emphasis added). This Court has explained that a trial court is "not required to independently score the guidelines for and sentence the defendant on each of his concurrent convictions if the court properly score[s] and sentence[s] the defendant on the conviction with the highest crime classification" and that "when sentencing on multiple concurrent convictions, the guidelines d[o] not need to be scored for the *lower-crime-class offenses* because MCL 771.14(2)(e) provides that presentence reports and guidelines calculations [are] only required for the highest crime class felony conviction." *People v Lopez*, 305 Mich App 686, 690-691; 854 NW2d 205 (2014) (quotation marks and citation omitted; emphasis added). However, where there are multiple convictions of the same crime class and that shared crime class is the highest crime class, "each" of those convictions must be scored. MCL 777.21(2); MCL 771.14(2)(e)(*ii*).

In this case, child sexually abusive material or activity and CSC-III are both Class B crimes against a person. MCL 777.16g (child sexually abusive material or activity); MCL 777.16y (third-degree sexual assault). Assault by strangulation is a Class D crime against a person. MCL 777.16d. Because defendant's multiple Class B crimes constituted the highest crime class among his multiple total convictions, *each* of his Class B crimes had to be scored under the sentencing guidelines. MCL 777.21(2); MCL 771.14(2)(e)(*ii*). The trial court committed legal error by failing to do so and instead scoring only defendant's CSC-III conviction, thereby violating the clear statutory language in MCL 777.21(2) and MCL 771.14(2)(e)(*ii*).[3] However, concluding that the trial court erred does not end our analysis.

---

[3] We reject the state's arguments that it was sufficient to score one of the convictions among those having the highest crime class merely because all of the Class B offenses are Class B offenses against a person that require consideration of the same prior record variables (PRVs) and offense variables (OVs) in scoring them. It does not *necessarily* follow that consideration of the same PRVs and OVs on different offenses will inevitably lead to the same guidelines range because offense variables are to be scored solely by reference to "the sentencing offense"—i.e., the "offense being scored"—unless the "language of a particular offense variable statute specifically provides otherwise." *People v Sours*, 315 Mich App 346, 348-349; 890 NW2d 401 (2016)

Defendant asserts—without any further explanation, legal authority, or discussion of factual evidence—that his guidelines range would have been lower if the trial court had scored his child sexually abusive material or activity convictions as required. However, even if this Court were to concur with defendant's assertions regarding his guidelines range, defendant has failed to demonstrate that he is entitled to resentencing.

In *Lopez*, this Court rejected an argument closely analogous to the argument advanced here. The defendant in *Lopez* argued that the sentencing court erred by relying on the guidelines range determined by his Class A felony conviction in sentencing him on all of his convictions, which included convictions for Class E felonies, rather than applying the sentencing guidelines for Class E crimes to his lower-crime-class offenses. *Lopez*, 305 Mich App at 689-690. The *Lopez* Court concluded that when a defendant has been convicted of multiple offenses, the defendant's guidelines range may properly be based solely on the highest-crime-class conviction and that there is no statutory requirement to determine the guidelines range for the lower-crime-class convictions when all of the sentences will be served concurrently. *Id*. at 690-691. This Court explained its underlying rationale as follows:

> The rationale for this legislative scheme is fairly clear because, except in possibly an extreme and tortured case, the guidelines range for the conviction with the highest crime classification will be greater than the guidelines range for any other offense. Given that the sentences are to be served concurrently, the guidelines range for the highest-crime-class offense would subsume the guidelines range for lower-crime-class offenses, and there would be no tangible reason or benefit in establishing guidelines ranges for the lower-crime-class offenses. Therefore, because the sentences for defendant's lower-crime-class offenses were to be served concurrently with the highest-class-felony sentence, the Class E guidelines did not need to be scored . . . . [*Id*. at 691-692.]

We acknowledge there is a significant distinction between the instant case and *Lopez* in that *each* of defendant's highest-crime-class convictions were statutorily required to have been scored, which is different from the lack of such a requirement with respect to convictions of a lower crime class. However, we find the logic expressed by this Court in *Lopez* to be persuasive in determining how to navigate the next procedural obstacle presented in the instant case, namely, what happens if different guidelines ranges result from scoring each of the offenses of the highest crime class when there are multiple convictions falling within that crime class and concurrent sentences are imposed. Applying the reasoning set forth in *Lopez*, the highest guidelines range would "subsume" the lower guidelines range and thereby provide the applicable guidelines range to be used by the sentencing court. *Id*.

---

(quotation marks and citations omitted). While the assumption made by the state in their argument may prove true in some cases, we have not been provided any basis on which we could conclude that the presumption will hold true in all cases. Additionally, we decline to engage in hypothetical speculation on this point in light of the myriad of possible combinations of multiple convictions that could arise in any given case because we need not resolve this issue in order to decide the issues presented in this appeal.

Hence, in this case, even assuming defendant is correct that scoring the guidelines on his child sexually abusive material or activity convictions would have yielded a lower guidelines range than the guidelines range that was based on his CSC-III conviction, the higher guidelines range for the CSC-III conviction would have provided the governing guidelines range to be used by the trial court because defendant's sentences for his convictions were to be served concurrently and the guidelines range for the CSC-III offense therefore would have subsumed the guidelines range for the other offenses (including the other Class B offenses). See *id*.

In so holding, we acknowledge that "[a] defendant is entitled to be sentenced by a trial court on the basis of accurate information," but a defendant must show that "there has been a scoring error or inaccurate information has been relied upon" in order to be entitled to resentencing if the defendant's "minimum sentence falls within the appropriate guidelines range." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006). "Where a scoring error does not alter the appropriate guidelines range, resentencing is not required." *Id*. at 89 n 8. In this case, defendant has not shown that the trial court's error resulted in an alteration to his appropriate guidelines range, and resentencing is therefore not required. *Id*. Accordingly, defendant is not entitled to resentencing.

Finally, our review of defendant's remaining arguments leads us to conclude that these arguments are abandoned. Defendant asserts without citation to any supporting authority that this Court should "consider reinstating the previous version of MCL 777.21 (effective prior to January 9, 2007), which required that all convicted offenses be scored." Defendant does not inform this Court as to the process by which we may "reinstate" prior versions of a statute. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Henry*, 315 Mich App 130, 148; 889 NW2d 1 (2016) (quotation marks and citation omitted). Defendant also asserts in his statement of the questions presented that his right to the effective assistance of counsel was violated. However, defendant does not devote any portion of the argument section of his brief to this issue, nor does defendant discuss any legal authority relevant to this claim. "Failure to brief a question on appeal is tantamount to abandoning it." *Id*. at 149 (quotation marks and citation omitted). Given our holding relative to defendant's request for resentencing, even presuming ineffective assistance of counsel, defendant cannot demonstrate prejudice. See, *People v LeBlanc*, 465 Mich 575, 582; 640 NW2d 246 (2002), quoting *Strickland v Washington*, 466 US 668, 687; 80 L Ed2d 674; 104 S Ct 2052 (1984).

Accordingly, defendant is not entitled to relief on any of his additional claims.

Affirmed.

/s/ Stephen L. Borrello
/s/ Brock A. Swartzle
/s/ Kathleen Jansen