*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARIO CORTIZE JACKSON,

        Defendant-Appellant.

FOR PUBLICATION
August 29, 2024
9:05 a.m.

No. 366078
Wayne Circuit Court
LC No. 21-004539-01-FH

Before: O'BRIEN, P.J., and CAVANAGH and SHAPIRO*, JJ.

PER CURIAM.

Defendant appeals as of right his sentence for his jury-trial conviction of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, for which he was sentenced to 3 1/2 to 10 years' imprisonment. On appeal, defendant argues that he is entitled to resentencing because when scoring the sentencing guidelines, the trial court relied on acquitted conduct and conduct occurring after the completion of the sentencing offense. We agree, reverse defendant's sentence and remand to the trial court to resentence defendant under correctly scored sentencing guidelines.

## I. BACKGROUND

This matter involves an assault against Latisha Ely (Ely) on March 25, 2021. According to the evidence at trial, defendant and Ely were driving around when Ely wanted to go home. Defendant did not want to leave and an argument occurred, during which defendant bit Ely on the arm. When she tried to pull away, defendant hit her in the mouth knocking out her two front teeth. Ely claimed defendant hit her in the mouth with his gun. Afterward, Ely called her brothers, Cherron Ely and Ricardo Payne, for help. Defendant's presentence investigation report (PSIR) indicated a gunfight ensued sometime after Cherron and Ricardo arrived, in which Cherron was killed, but no other information concerning this gunfight was provided. Defendant was arrested and charged for the acts against Ely with: (1) AWIGBH; (2) assault with a dangerous weapon (a gun) (felonious assault), MCL 750.82; (3) carrying a firearm at the time he attempted to commit a felony (felony-firearm) associated with AWIGBH, MCL 750.227b; and (4) felony-firearm

---

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

associated with felonious assault. Importantly, defendant was not charged for the gunfight or Cherron's death, and the jury did not hear testimony about the events occurring after the assault on Ely. The jury convicted defendant of AWIGBH, but acquitted him of felonious assault and the two felony-firearm charges. Defendant was sentenced as discussed above. This appeal followed.

## II. ACQUITTED CONDUCT AND POST OFFENSE CONDUCT

Defendant argues that he is entitled to resentencing because of improperly scored OVs.[1] Specifically, he alleges error in the scoring of OVs 1, 2, 3 and 9. A defendant is entitled to be resentenced if "there has been a scoring error or inaccurate information has been relied upon." *People v Francisco*, 474 Mich 82, 88; 711 NW2d 44 (2006).

We first consider defendant's challenge to the assessment of 100 points under OV 3. "Offense variable 3 is physical injury to a victim." MCL 777.33. An assessment of 100 points is warranted when "[a] victim was killed." MCL 777.333(1)(a). The trial court assigned 100 points to defendant's OV 3 because defendant's assault against Ely led to her calling her brothers for help which in turn resulted in Cherron's death. "When a victim was killed, MCL 777.33(2)(b) instructs the court to [s]core 100 points if death results from the commission of a crime . . . ." *People v Laidler*, 491 Mich 339, 344; 817 NW2d 517 (2012) (quotation marks and citation omitted; alterations in original). Further, the trial court should assign 100 points if "homicide is not the sentencing offense." MCL 777.33(2)(b). The trial court reasoned, because Cherron was killed, it was justified in assigning 100 points to OV 3.[2]

Defendant argues that the trial court erred because it assessed OV 3 based on conduct beyond the sentencing offense. We agree. Our Supreme Court has held, "the offense variables are scored by reference only to the sentencing offense, except where specifically provided otherwise." *People v McGraw*, 484 Mich 120, 129; 771 NW2d 655 (2009). "OV 3 does not specifically provide otherwise; therefore, [this Court] can only take into consideration defendant's sentencing offense for purposes of scoring OV 3." *People v Biddles*, 316 Mich App 148, 165; 896 NW2d 461 (2016). While this holding suggests assessment of OV 3 is narrowly limited to the sentencing offense, the language of MCL 777.33 clearly contemplates scoring of the variable in

---

[1] Where a defendant claims an error in the scoring of the guidelines, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), superseded in part by statute as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019).

[2] While we conclude that the guideline scoring constituted legal error, we also note that there is little if anything in the record regarding the death of Cherron or the gunfight that resulted in it. The only reference in the record is the brief mention in the PSIR which did not refer to any supporting evidence nor any statement as to why defendant was not charged with any crime arising out of the gunfight if he was involved.

non-homicide cases. It states: "Score 100 points if death results from the commission of a crime and homicide is not the sentencing offense." MCL 777.33(2)(b).

The challenge presented to us is to resolve the tension between *McGraw* and the Supreme Court's decision in *People v Laidler*, 491 Mich 339, 341; 817 NW2d 517 (2012), that the facts of this case presents. On the one hand, in *McGraw*, the Supreme Court clearly indicated "that the offense variables are scored by reference only to the sentencing offense, except where specifically provided otherwise." 484 Mich at 129. Therefore, unless the statutory instructions for the guideline indicate that its scoring is not so limited, conduct outside the events of the sentencing offense may not be scored.

In *Laidler*, the OV 3 was scored at 100 points for the death of the defendant's accomplice who was shot and killed by the homeowner during a home invasion. Defendant argued that OV 3 should not be scored because: (1) his accomplice should not be deemed a "victim" for purposes of the OV[3] and (2) because the accomplice was shot by the homeowner and not the defendant, his death did not "result[] from the commission of a crime" as the OV requires. The Court noted that the term "results from" is broad and that only a "but for" connection between the crime and death is required. Given that factual cause "is relatively easy to establish," *People v Crumbley*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket Nos. 362210 and 362211); slip op at 13-14, if *Laidler* controls the case before us, the scoring of 100 points for OV 3 could be sustained.

But we conclude that it is *McGraw*, rather than *Laidler*, that controls here under the facts of the case. In *McGraw*, while fleeing the scene of a break-in in a getaway car, the defendant and two accomplices were spotted by the police, who gave pursuit. They crashed the vehicle and then fled on foot. The defendant was apprehended. *McGraw*, 484 Mich at 122. The sentencing court scored 10 points for OV 9, because it concluded that at least two victims were placed in danger. *Id.* at 123. The Supreme Court rejected that scoring because to conclude that there were two or more victims necessitated looking at the fleeing and eluding after the break-in, rather than just the charged offense of the break-in itself. *Id.* at 132-134.

In the case before us, Cherron was shot and killed at some point in time after defendant's assault of Ely was completed.[4] By contrast, in *Laidler*, the fatal shooting of defendant's accomplice occurred while the charged break-in was in progress. We therefore conclude that while only "but for" causation need be shown to satisfy the "results from" requirement in OV 3, the facts giving rise to the scoring must still occur during the commission of the crime for which the defendant is being sentenced. Accordingly, we agree with defendant that OV 3 should not have been scored at 100 points.

Turning to OV 9, the reasoning of *McGraw* controls here as well, particularly given that *McGraw* itself involved the scoring of OV 9. The only victim of the assault with intent to do great

---

[3] The question of who is a "victim" for purposes of OV 3 is not relevant here.

[4] While the exact timeframe of when the gunfight ensued relative to the assault of Ely is unclear, it appears to have at least been long enough after the assault for Ely to have called her brothers to come assist her and for them to travel to the scene.

bodily harm, the sole offense for which defendant was convicted, was Ely. Accordingly, for purposes of scoring OV 9, there was only one victim. And under MCL 777.39(a)(d), zero points are to be scored if there are less than two victims. Therefore, OV 9 should have been scored at zero points.

This leaves OVs 1 and 2, which may be considered together as they present the same issue. Specifically, whether scoring 25 points for OV 1 and 5 points for OV 2 violates *People v Beck*, 504 Mich 605; 939 NW2d 213 (2019), as argued by defendant. We agree that it does. Under MCL 777.31(1)(a), 25 points is to be scored if a "firearm was discharged at or toward a human being or a victim was cut or stabbed with a knife or other cutting or stabbing weapon." And for 5 points to be scored for OV 2, MCL 777.32(a)(d) requires that the defendant "possessed or used a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon."

In *Beck*, 504 Mich at 626, the Court concluded that "when a jury has specifically determined that the prosecution has not proven beyond a reasonable doubt that a defendant engaged in certain conduct, the defendant continues to be presumed innocent." In the instant case, defendant was charged with, and acquitted of, felonious assault and felony-firearm (linked to both the assault with intent to commit great bodily harm and with the felonious assault charges). This reflects that the jury was not convinced beyond a reasonable doubt that defendant possessed, nor used, a firearm. Because the trial court's scoring of OVs 1 and 2 required that defendant had used, or at least possessed, a firearm in his assault on Ely, both of those OVs should have been scored at zero.

The prosecutor points out that defendant's acquittal of felonious assault indicates only that the jury did not believe that defendant struck Ely with a gun, not that they disbelieved her testimony that a gun was visible during the assault. But this argument fails given that defendant was acquitted not only of felonious assault but also the charge of possession of a firearm during the commission of a felony.

The elements of felony-firearm are (1) the defendant committed a felony and (2) possessed a firearm while doing so. See *People v Thigpen*, ___ Mich App ___ ; ___ NW2d ___ (2023) (Docket No. 360351); slip op at 6. Here, the jury found that the first element existed as reflected by convicting defendant of assault with intent to do great bodily harm, a felony. Therefore, it must be the element of possessing a firearm that that they were unconvinced was satisfied. Accordingly, no points should have been scored for either OV 1 or OV 2.

III. CONCLUSION

For the reasons discussed above we reverse defendant's sentence and remand the matter to the trial court for resentencing in light of properly scored sentencing guidelines. We do not retain jurisdiction.

/s/ Mark J. Cavanagh

-4-

/s/ Douglas B. Shapiro